UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARRY TAYLOR, individually and on behalf of similarly situated individuals,<br><br>                Plaintiff,<br><br>    v.<br><br>48FORTY SOLUTIONS, LLC,<br><br>                Defendant. | Case No.<br><br>REMOVED FROM THE CIRCUIT COURT OF WILL COUNTY, ILLINOIS<br><br>CASE NO. 2023CH000152 |

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, Defendant 48forty Solutions, LLC ("48forty") hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the civil action pending against it in the Circuit Court of Will County, Illinois. In support of removal, 48forty states as follows:

1. On August 15, 2023, Plaintiff Barry Taylor commenced an action against 48forty by filing in the Circuit Court of Will County, Illinois a complaint styled as *Barry Taylor, individually and on behalf of all others similarly situated v. 48Forty Solutions, LLC*, Case No. 2023CH000152. (*See* Pl.'s Compl., attached with a summons, as Exhibit A.) The Complaint seeks relief under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, including, among other things, liquidated damages of $5,000 for "each and every intentional and reckless violation of BIPA[.]" (Ex. A at ¶ 54.) 48forty was served with the Complaint via mail on September 1, 2023. (*See* Proof of Service, attached as Exhibit B.)

2. Removal is proper under 28 U.S.C. § 1441 because this Court has original diversity-of-citizenship jurisdiction over this case under 28 U.S.C. § 1332(a)(1) and 28 U.S.C.

§ 1332(d)(2)(A), the latter being the jurisdictional grant of the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(a)(1) ("The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states * * *"); 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant"); *see also* 28 U.S.C. § 1441(a), (b). 48forty will address each independent basis for jurisdiction.

I. **The Parties Are Citizens Of Different States And, Based On The Allegations In The Complaint, The Amount In Controversy Is Satisfied (28 U.S.C. § 1332(a)(1)).**

3. Complete diversity exists between the parties. *See Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018) (diversity of citizenship jurisdiction "requires complete diversity between the parties"). As alleged in the Complaint, Taylor is a citizen of Illinois (Ex. A at ¶16); 48forty is not a "citizen" of Illinois.

4. As a limited liability company, 48forty is deemed to have the citizenship of its members. *See* 28 U.S.C. § 1332(c)(1); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 997 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); *Thomas v. Guardsmark LLC*, 487 F.3d 531, 533–34 (7th Cir. 2007) (same). 48forty has only one member: Alpine Acquisition Corp II, which is incorporated under the laws of the State of Delaware and maintains its principal place of business—its "nerve center"—in the State of Florida.[1] (*See* Declaration of Stephen Nolan ¶¶ 2-3, attached as Exhibit

---

[1] More specifically, under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The appropriate test to determine a corporation's principal place of business is the "nerve center" test.

C.) Accordingly, for diversity purposes, 48forty is deemed to be a citizen of Delaware and Florida—not Illinois.

5. Because 48forty's sole member is not incorporated under the laws of Illinois and does not maintain its principal place of business in Illinois, 48forty is not a citizen of Illinois. Thus, Taylor is a citizen of a different state than 48forty, and this case is "between citizens of different states." *See* 28 U.S.C. § 1332(a), (c). In addition, because 48forty is not a citizen of the state in which the action was brought, *see* 28 U.S.C. § 1441(b)(2), the "citizenship" component of the removal analysis is satisfied.

6. The amount-in-controversy requirement also is satisfied. While 48forty denies liability as to Taylor's claims, the amount-in-controversy requirement is satisfied because, based on the allegations of the Complaint, Taylor is seeking damages in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Taylor alleges that he worked for 48forty as a driver in Illinois and that, as part of his employment, 48forty required him and other drivers "to submit to scans of their face geometry via the DriveCam device installed in their vehicles." (Ex. A at ¶¶ 18-20.)

7. Thus, given that the Complaint is seeking "statutory damages of $5,000 *for each and every* intentional and reckless violation of BIPA" (*Id.* at ¶ 54 (emphasis added)), it is plausible that Taylor seeks to recover $5,000 in damages for each time he entered a Company

---

*See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, the corporation's principal place of business is the single place within a particular State where the corporation's officers "direct, control, and coordinate the corporation's activities," which is normally the place where the corporation maintains its main headquarters. *See id.* The Supreme Court has used "[t]he metaphor of the 'corporate brain'" to describe a corporation's principal place of business. *See id.* at 95. Alpine Acquisition Corp II maintains its corporate headquarters in the State of Florida.

vehicle and allegedly had his facial geometry scanned. Taylor worked for 48forty for approximately eight months (*id.* at ¶ 18), and therefore, per-scan damages would readily exceed $75,000. *See Peatry v. Bimbo Bakeries USA, Inc*., 393 F. Supp. 3d 766, 769–70 (N.D. Ill. 2019) (applying a "per scan" theory of damages under BIPA in deeming the amount-in-controversy requirement to be satisfied: "the Court finds that [defendant] has plausibly alleged the requisite amount in controversy for [plaintiff] both individually under § 1332(a) and on a class-wide basis under CAFA" because the "complaint does not include any [damages] limitation and instead suggests the frequent and repeated occurrence of BIPA violations"); *see also Sabrina Roppo v. Travelers Commercial Ins. Co*., 869 F.3d 568, 579 (7th Cir. 2017) (a "removing party [ ] only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence"). 48forty does ***not*** agree that Taylor is entitled to that measure of damages under BIPA,[2] but, for removal purposes, the question is not "what damages the plaintiff will recover, but only how much is ***in controversy*** between the parties." *Id.* (emphasis in original; internal citation and quotation omitted). Accordingly, this case is removable under 28 U.S.C. § 1441 on diversity-of-citizenship grounds. *See* 28 U.S.C. § 1441(a), (b)(2).

---

[2] 48forty denies that Taylor has alleged an actionable violation of BIPA each and every time he entered a Company truck and allegedly had his facial geometry scanned because, among other things, such a result would raise serious constitutional and policy concerns. Nonetheless, for purposes of removal, Taylor's allegations and requested relief, and the plausible inferences drawn therefrom, must be accepted as true for purposes of determining the amount in controversy. *See generally CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000). And the same is true for other jurisdictional requirements. *See, e.g. Colon v. Dynacast, LLC*, 2019 WL 5536834, *4 (N.D. Ill. Oct. 17, 2019) (allegations of risk of disclosure of biometric information sufficient to sustain Article III jurisdiction) (citing authority); (*cf.* Ex. A at ¶¶15, 87 - 89 (alleging that 48forty "violated and continues to violate BIPA because it did not . . . [o]btain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their biometric identifiers and/or biometric information to a third party").

8. Moreover, Taylor is seeking declaratory relief, injunctive relief, and attorneys' fees (Ex. A at ¶ 54), which also factor into evaluating the amount in controversy for jurisdictional purposes. *See Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) (in a suit for injunctive relief, "the amount in controversy is measured by the value of the object of the litigation"); *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1977) ("[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *see also Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998) (similar); *cf. Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (similar). Therefore, Taylor's additional requested relief further sustains that more than $75,000 is at issue.

**II. This Matter Also Meets All The Requirements Of 28 U.S.C. § 1332(d)(2) For Jurisdiction Under CAFA,**

9. CAFA provides an independent basis for this Court's jurisdiction. This matter is a "class action" under CAFA because a "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint alleges claims on behalf of a class of "[a]ll individuals employed by Defendant that drove vehicles equipped with the DriveCam within the State of Illinois and within the give years preceding the filing of Plaintiff's complaint." (Ex. A at ¶36). Therefore, this action is properly considered a "class action" under CAFA.

10. The requirement of minimal diversity is also satisfied. Taylor is a citizen of Illinois. (*Id.* at ¶16.) And for purposes of CAFA, 48forty is a citizen of Georgia and Delaware—because that is the state where the LLC "has its principal place of business"—and because that is the state "under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see also Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1068, fn. 2 (C.D. Ill. 2016). As a result, the parties are of diverse citizenship for purposes of 28 U.S.C. § 1332(d)(2)(A).

11. Further, the "matter in controversy" aggregated across all the purported class members' claims satisfies CAFA. Under CAFA, "the matter in controversy" must "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . . ." 28 U.S.C. § 1332(d)(6).

12. For this amount in controversy to be satisfied, there need only be "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). In this regard, the Seventh Circuit has acknowledged "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Accordingly, "the party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id*. (citing *Brill*, 427 F.3d at 448 (7th Cir. 2005)). This burden thus "is a pleading requirement, not a demand for proof." *Id*. (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

13. 48forty denies the validity and merit of Taylor's claims, the legal theories upon which they are based, and the claims for monetary and other relief that allegedly flow therefrom.

6

But for purposes of setting forth grounds for this Court's jurisdiction—and without conceding that Taylor or the putative class are entitled to damages or penalties or relief—it is now apparent that although the Complaint does not affirmatively specify a damages figure, the aggregated claims of the putative class exceeds CAFA's jurisdictional minimum.

14. As noted above, given that the Complaint is seeking up to $5,000 in statutory damages for *each* violation of BIPA (Ex. A at ¶ 54), a per-scan damages theory, if applied to the class, would far exceed CAFA's jurisdictional minimum.

**III.** **48forty Has Satisfied The Procedural Requirements For Removal.**

15. This Notice of Removal was timely filed within the thirty days provided under 28 U.S.C. § 1446(b) as 48forty was served with the Complaint on September 1, 2023. (*See* Ex. B.)

16. Because this action is brought in the Circuit Court of Will County, Illinois, venue for purposes of removal is proper in this Court: under 28 U.S.C. § 93(a)(1), this District and this Division embraces Will County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. § 93(a)(1); 28 U.S.C. § 1441(a).

17. In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on 48forty are attached as Exhibit A and Exhibit B.

18. In accordance with 28 U.S.C. §1446(d), 48forty will promptly provide written notice to Taylor and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of Will County, Illinois.

\* \* \*

For the foregoing reasons, Defendant 48forty Solutions, LLC files its Notice of Removal, removing this case from the Circuit Court of Will County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, and further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

DATED: October 2, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Danielle M. Kays*

Danielle M. Kays
dkays@seyfarth.com
James P. Nasiri
jnasiri@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile:  (312) 460-7000

*Attorneys for Defendant 48forty Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I, Danielle M. Kays, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **NOTICE OF REMOVAL**, to be served upon the following by email and U.S. Mail postage prepaid on this 2nd day of October, 2023:

>Courtney Elizabeth Ross (cross@cbplaw.com)
>Carney Bates & Pulliam, PLLC
>519 W. 7th Street
>Little Rock, AR 72201
>T: (501) 312-8500
>F: (501) 312-8505
>
>*Attorney for Plaintiff Barry Taylor*

>*/s/ Danielle M. Kays*
>Danielle M. Kays